FILED
SUPERIOR COURT
OF GUAM

2019 JAN -3 AM 10: 29

CLERK OF COURT

By:_____ CuS

## IN THE SUPERIOR COURT OF GUAM

PEOGLE OF GUAM,                    )      Case No. CF0570-09
                                   )
                Plaintiff,         )
                                   )
        v.                         )      DECISION & ORDER
                                   )
                                   )
JOE GAAROW,                        )
DOB: 02/14/1970                    )
                                   )
                Defendant.         )
                                   )

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III October 08, 2018 for a hearing upon submission by the People of Guam of a Motion to Revoke the Defendant's Probation. Joe Gaarow ("Defendant") is represented by Assistant Public Defender Peter Sablan and the People are represented by Assistant Attorney General Jeremiah Luther. After considering the filings of the parties and the applicable law, the Court now issues its Decision and Order.

### BACKGROUND

In November 2009, the Defendant was charged with various Driving While Under the Influence of Alcohol offenses. (Indictment, Nov. 11, 2009). The Defendant subsequently entered into a plea agreement with the People wherein he pled guilty to Driving Under the Influence of Alcohol with Injuries (as a Third Degree Felony) in violation of 16 GCA §§

**ORIGINAL**

18102(c) and 18110 (1993). (Plea Agreement at 2, May 18, 2010); (Judgment at 1, July 09, 2010). The Defendant was sentenced to three years imprisonment, with all but one hundred sixty (160) days suspended, and three years supervised probation. (Judgment at 3). As a part of the Defendant's conditions of probation the Defendant was ordered, in relevant part, to:

1) Pay a fine of one thousand dollars ($1,000.00) plus eighty dollars ($80) court costs;
2) Perform one hundred fifty (150) hours of community service;
3) Report to the Adult Probation Office once per month;
4) Avoid the consumption of alcohol and use of illegal drugs;
5) Obey all the laws of Guam.

*Id.*

In May 2011, a first violation report was filed stating that the Defendant had violated his probation by testing positive for marijuana use. (1st violation report, May 11, 2011). The Defendant was given a warning by the Court. (Minute Entry, May 11, 2011).

In August 2012, a second violation report was filed by the stating that the Defendant had failed to report to the Probation Office, failed to pay his fine since August 2011, failed to complete any of his remaining thirty-one hours of community service, and failed to attend his treatment program. (2nd Violation Report, Aug. 21, 2012).

In August 2013, the Defendant was charged with Aggravated Assault (as a Third Degree Felony) with a Special Allegation of use of a deadly weapon and Terrorizing (as a Third Degree Felony), leading to a third violation report for failure to obey the law. (3rd Violation, Aug. 01, 2013). A fourth violation report was filed later that month when the Defendant blew a 0.76 breathalyzer reading and admitted to consuming alcohol. (4th violation report, Aug. 16, 2013). At the Defendant's next hearing the Court ordered the Defendant to serve five days in jail, all suspended, and warned the Defendant that if he failed to attend his treatment classes he would

go to jail. (Minute Entry, Sep. 09, 2013). The Court also ordered that the Defendant's probation be extended until the end of the year. *Id.*

On December 16, 2013, the Court extended the Defendant's probation until May 31, 2014. (Court Recording at 3:01:10, Dec. 16, 2013) (in front of Judge Vernon Perez).

In May 2014, a fifth violation report was filed stating that the Defendant had failed to make payments on his fines or treatment costs since August 2011, nor did he complete any of the remaining thirty-one hours of community service. (5th Violation Report, October 21, 2013). The Court found that the Defendant was in violation of his probation, but chose to extend the Defendant's probation another four months. (Court Recording at 3:31:00, May 12, 2014) (in front of Judge Perez). The Court then set another hearing for August 11, 2014. *Id.*

On August 11 2014, the Defendant failed to appear at the hearing, and the matter was continued until November 20, 2011. Subsequently, a sixth violation report was filed in October 2014 for the Defendant's continued failure to work towards completing his probation, and failing to report to the Adult Probation Office as required. (6th Violation Report, Oct. 28, 2014). The Defendant again failed to appear and the Court issued a warrant for his arrest. (Minute Entry, Nov. 11, 2014); (Bench Warrant, Nov. 14, 2018).

The Defendant was not subsequently arrested until February 14, 2018 and brought before Judge Elizabeth Iriarte, who sanctioned the Defendant with ten days of incarceration and set further proceedings in front of Presiding Judge Alberto C. Lamorena, III in March 2018. (Return of Warrant, Feb. 14, 2018); (Commitment Order, Feb. 14, 2018). A seventh violation report was filed the same day, stating that the Defendant had failed to make any payments on his fines, failed to perform any community service, failed to report to the Adult Probation Office, and failed to complete any course of treatment. (7th Violation Report, Feb. 14, 2018).

On February 15, 2018, the People filed a motion to revoke the Defendant's Probation. (People's Mot. Revoke Probation, Feb. 15, 2018). The Defendant filed an opposition to this motion. (Defendant's Opposition to People's Mot. Revoke Probation ("Defendant's Opposition"), Feb. 27, 2018). The Defendant failed to appear at two further proceedings concerning this issue, and a warrant for the Defendant's arrest was issued. (Minute Entry, Mar. 21, 2018); (Minute Entry, May 09, 2018); (Warrant of Arrest, May 14, 2018). The Defendant was arrested and brought before the Court on October 1, 2018, where the Court ordered the Defendant be held on the warrant. (Return of Warrant, Oct. 01, 2018); (Minute Entry, Oct. 01, 2018). The Defendant again appeared before the Court on October 08, 2018 where the Court took the outstanding Motion to Revoke Probation under advisement. (Minute Entry, Oct. 08, 2018).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b) (1980).

The Defendant, in his opposition, argues that the Court is without jurisdiction, and if the Court does have jurisdiction, revocation will not satisfy the end of justice. (Defendant's Opposition at 2). With regards to the jurisdictional issue, the court notes that the Defendant's probation was extended to September 31, 2014. (Court Recording at 3:31:17, May 12, 2014). However, the Guam Code provides for the tolling of the Defendant's probation when there is probable cause that the defendant has violated a condition of probation. 9 GCA § 80.66(a)(3) (1998) .The tolled time period starts with the summons or warrant and ends when the Court renders a decision on the matter. 9 GCA § 80.66(a)(3)(A).

After the Defendant's probation was extended to September 31, 2014, the Defendant did not appear at subsequent court proceedings, to which the Court eventually issued a warrant for the Defendant's arrest after continuing the matter. (Court Recording at 3:31:17, May 12, 2014). (Minute Entry, Nov. 10, 2014). During the time between the Defendant's willful failure to appear before the Court and his eventual arrest in February 2018, the Defendant's probation was

tolled by statute. *See* 9 GCA §80.66(a)(3) The Defendant's probation continued to be tolled due to outstanding decisions for the sixth and seventh violations as well as the People's Motion to Revoke Probation. 9 GCA § 80.66(a)(3)(A) (tolling does not stop until an oral or written decision is made on an alleged violation of probation). The Defendant does not contest that the violation reports or the People's Motion do not demonstrate probable cause that a violation occurred, instead he argues merely that this court lost jurisdiction in December 2013, when the Defendant alleges his probation was set to expire. (Defendant's Opposition at 2). However, the record reflects that the Defendant's probation had been extended to September 2014, and later tolled by statute since his willful failure to appear at the August 2014 hearing and has subsequently remained tolled pending the Court's decision on the People's motion. 9 GCA § 80.66(a)(3)(A). Therefore, the Court continues to retain jurisdiction over this matter.

It remains undisputed that the Defendant is in violation of the conditions of his probation. The sixth and seventh violation reports indicate that the Defendant still has outstanding fines and community service hours, and has been failing to report to the Adult Probation Office as required. (6th Violation Report); (7th Violation Report). The Defendant neither denies the violations named in the reports, nor does he argue that the reports are without probable cause. Instead he merely argues that revocation of his probation will not satisfy the ends of justice, and that his probation should be again extended to allow for the Defendant to complete his conditions of probation. (Defendant's Opposition at 2).

We now consider whether revocation of the Defendant's probation will satisfy the ends of justice. 9 GCA § 80.66(a)(2) ("Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public."). Here, it is clear that

Defendant has exhausted the trust of this Court. This is especially so given that the Court has provided Defendant numerous opportunities to comply with the requirements of his plea agreement after each of the prior violations. Further, Defendant has been on probation for over eight years. To this day, a majority of Defendant's probation conditions remain outstanding even after having his probationary term extended three times, and after multiple warnings by the Court. (7th Violation Report). In addition, the Defendant has time and again willfully disregarded the Court's time by failing to appear before it as scheduled. The Court finds that another extension of the Defendant's probation will result only in a continued waste of the Court's time and resources, and that revocation will better serve the public's interests and the ends of justice.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's Motion to Revoke Probation. The Defendant, Joe Gaarow, is hereby sentenced to eighteen (18) months incarceration at the Department of Corrections, Mangilao, with credit for time served. Prior to release, the Defendant shall undergo the Residential Substance Abuse Treatment Program at the Department of Corrections.

**IT IS SO ORDERED** on this 3rd day of January, 2019.



SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: _____

Date: _____ Time: _____

_____
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**